UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 21, 2018

LETTER TO COUNSEL

      RE:    *Paula C. Compton v. United States of America*,
                  Civil No. GLR-17-2032

Dear Counsel:

      This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 39]. I am in receipt of the August 31, 2018 letter written by counsel for Plaintiff Paula Compton ("Ms. Compton"). [ECF No. 48]. Defendant United States of America ("Defendant") has not filed a response. Ms. Compton seeks to reopen discovery to obtain supplemental discovery responses. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Ms. Compton's request is granted in part and denied in part.

      On December 4, 2017, Judge Russell entered a scheduling order setting a discovery deadline of April 18, 2018. [ECF No. 27]. On December 12, 2017, Judge Russell entered a modified scheduling order extending the discovery deadline to May 18, 2018. [ECF No. 31]. On March 28, 2018, this Court ordered Defendant to provide complete responses to Interrogatories 4, 5, 6, 8, and 9, and document requests 1, 2, and 3. [ECF No. 41]. On April 3, 2018, this Court approved the parties' joint request to modify the Scheduling Order, further extending the discovery deadline to July 15, 2018. [ECF Nos. 42, 43]. A settlement conference was held on August 23, 2018 before Magistrate Judge A. David Copperthite. Ms. Compton now seeks to reopen discovery, alleging that Defendant provided incomplete discovery responses to Ms. Compton's interrogatories and document requests. [ECF No. 48-1].

      The Local Rules of this Court require a party who is "dissatisfied" with the opposing party's responses to interrogatories or requests for production, and who has been unable to resolve the issues informally, to "serve a motion to compel within thirty (30) days of the party's receipt of the response." Local Rule 104.8(a) (D. Md. 2016).

      While this Court has discretion to reopen discovery, Fed. R. Civ. Proc. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." "Good cause" is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts. *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (Table), 1997 WL

702267 (4th Cir. 1997)). "If [the moving] party was not diligent, the inquiry should end." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995).

Ms. Compton's own factual recitation establishes that she was not diligent in requesting further discovery from Defendant regarding Interrogatories 4, 5, 6, 8, and 9, and document requests 1 and 2. In support of her position, Ms. Compton cites information she learned at the July 10 and 11, 2018, depositions of Mr. Routzahn, which occurred five days prior to the discovery deadline of July 15, 2018. [ECF No. 48-1 at 1]. She also notes this Court's March 28, 2018 Order requiring Defendant to provide complete responses to Interrogatories 4, 5, 6, 8, and 9, and document requests 1, 2, and 3. *Id*. Under that Order, Defendant was given twenty (20) business days to provide complete responses. [ECF No. 41]. This Court does not know when responses were provided, but they must have been provided more than 30 days ago. Had Ms. Compton raised an issue before the expiration of the discovery deadline on July 15, 2018, this Court could have handled her requests accordingly. Ms. Compton did not do so. As a result, she cannot establish the diligent efforts necessary to establish good cause to reopen discovery.

With respect to the information Ms. Compton learned on August 22, 2018, regarding document request 3, Ms. Compton's diligence is not at issue because Defendant first revealed this information a month after discovery had closed. Accordingly, this Court finds good cause to order Defendant to supplement its response to document request 3. Specifically, on or before October 5, 2018, Defendant must produce any documents it has regarding Sharon Ruck's liability, and must supplement the remainder of its response as necessary.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge